**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FRANCIS C. MBEWE, # 360-922 | : | |
| Petitioner | : | |
| v. | : | Civil Action No. AW-11-1556 |
| RODERICK SOWERS. | : | |
| Respondent | : | |

. . . . .o0o. . . . .

**MEMORANDUM**

Respondents, through their counsel, have filed a response requesting dismissal of Francis Mbewe's 28 U.S.C. § 2254 petition for writ of habeas corpus for failure to fully exhaust his claims before the state courts. ECF No. 8. Petitioner was provided an opportunity to file a reply but has not done so. The Court deems a hearing unnecessary to resolve the issues, s*ee* Rule 8, "Rules Governing Section 2254 Cases in the United States District Courts," and will dismiss the Petition without prejudice for failure to exhaust state court remedies.

**I.    Background**

On February 22, 2010, a jury sitting in the Circuit for Montgomery County convicted Mbewe of armed robbery, conspiracy to commit armed robbery, and assault. Exhibit 1 (Entry #95). On April 20, 2010, the Circuit Court sentenced Mbewe to serve 15 years in prison. *See id* (Entry # 116). Mbewe's conviction was affirmed by the Court of Special Appeals of Maryland by unreported opinion filed on October 12, 2011. Exhibit 1 (Entry #165), Exhibit 2. Mbewe filed petitions for certiorari in the Court of Appeals of Maryland requesting further review of the intermediate appellate court's decision. Exhibit 1, (Entry #129). His petitions for review, one pro se and the other

by his counsel, are pending. *See* Exhibits 3 & 4.[1]

On April 23, 2010, the same day that he filed his notice of direct appeal, Mbewe initiated post-conviction proceedings in the Circuit Court. Exhibit 1(Entry # 129). The state post-conviction proceedings were postponed until Mbewe's direct appeal concludes. *See id*. (Entry #156, 160-63).

**II.     Exhaustion in State Courts**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-

---

1  Clerk's Office staff at the Court of Appeals of Maryland confirm that Mbewe's petition for writ of certiorari remains pending.

202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981).

Given the procedural posture outlined above, Mbewe has yet to fully exhaust his claims before the state courts of Maryland. Mbewe has petitions pending before the Court of Appeals of Maryland requesting review of the Court of Special Appeals decision which affirmed his judgment of conviction. Consequently, his direct appeal proceedings are not final. Once the Court of Appeals of Maryland decides his case, either by denying certiorari review or by issuing an opinion on the merits, he has 90 days to request review before the Supreme Court of the United States. Also, Mbewe's petition for post-conviction relief, postponed pending conclusion of his direct appeal proceedings, has yet to be adjudicated. Accordingly, Mbewe has yet to exhaust his available state court remedies and this petition will be dismissed without prejudice.[2]

### III. Certificate of Appealabilty

A Certificate of Appealabity (COA) "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c) (2). To make such a showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can

demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).  Mbewe does not satisfy this standard and a COA will be denied.

### IV.    Conclusion

This Motion will be dismissed without prejudice for lack of exhaustion.  A separate order follows.


December 28, 2011                                                             /s/
                                                                Alexander Williams, Jr.
                                                                United States District Judge

---

[2] The Clerk will send Petitioner a § 2254 information and forms packet in the event he wants to pursue federal habeas corpus relief upon exhaustion of available state court remedies. Petitioner is cautioned to be mindful of the one-year limitations that applies to filing § 2254 petitions.